ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2005 JUL 23 AM 11: 03

CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| BRANTLEY E. ZELLARS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 104-071 |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Brantley E. Zellars, ("Plaintiff") appeals the decision of the Commissioner of Social Security ("Commissioner") denying his application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act. Upon consideration of the briefs submitted by the parties, the record evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS**, pursuant to sentence four of 42 U.S.C. § 405(g), that the Commissioner's final decision be **REVERSED** and that the case be **REMANDED** to the Commissioner for further consideration in accordance with this opinion.

### I. BACKGROUND

Plaintiff originally filed applications for DIB and SSI on July 28, 1994. Following denial initially, upon reconsideration, and following a hearing before an Administrative Law Judge ("ALJ"), Plaintiff sought review by the Appeals Council ("AC"). The AC remanded

and a new hearing before an ALJ was conducted, at which time another unfavorable decision was issued. Plaintiff again sought review of the ALJ's decision; this time the AC declined review. Tr. ("R"), pp. 10-11, 55-58. Plaintiff subsequently sought review in this Court--the Court affirmed the final decision of the Commissioner. See Zellars v. Apfel, CV 199-215, doc. no. 12, *adopted by* doc. no. 14 (S.D. Ga. Sept. 14, 2000).

Undeterred, Plaintiff filed new applications for DIB and SSI on October 2, 2000 and September 25, 2000, respectively, alleging an onset of disability of May 21, 1998. R. 88-91, 221-225. Following denial both initially and upon reconsideration, a hearing was held before an ALJ on January 15, 2003, whereupon the ALJ issued an unfavorable decision. R. 7-8, 52-65, 69. On March 12, 2004, the AC denied Plaintiff's request for review and Plaintiff timely filed the instant action. R. 4-6.

In denying Plaintiff's claims for DIB and SSI, the ALJ applied the five-step sequential process required by 20 C.F.R. §§ 404.1520 and 416.920, and found:

1. Plaintiff had not engaged in substantial gainful employment since the alleged onset of disability.

2. The claimant has an impairment or a combination of impairments considered "severe" based on the requirements in the Regulations, 20 CFR §§ 404.1520(b) and 416.920(b).[1]

3. These medically determinable impairments did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.

4. The claimant is unable to perform any of his past relevant work (20 CFR §§ 404.1565 and 416.963) but retains the residual functional

---

[1]In the body of his written decision, the ALJ identified Plaintiff's severe impairments as back pain and hypertension. R. 59.

2

capacity to perform the full range of light exertional level work.[2]

5. Based on the claimant's age, education, and work experience, and Medical-Vocational Rule 202 used as a framework for decision-making, there are a significant number of jobs in the national economy that the claimant could perform. Thus, the claimant was not under a "disability," as defined in the Social Security Act, at any time through the date of this decision (20 CFR § 404.1520(f) and 416.920(f)).

R. 64-65.

Plaintiff argues that the ALJ erred by: 1) failing to afford substantial weight to the opinion of treating physician Dr. Girija S. Das; 2) failing to consider other evidence provided by treating and examining sources relating to Plaintiff's functional limitations; 3) failing "to discuss and consider each and every impairment individually and in combination to determine if they medically equal a listing;" and 4) failing to elicit the testimony of a Vocational Expert ("VE") in determining Plaintiff's residual functional capacity. Pl.'s Mem., pp. 1-2.

## II. THE STANDARD OF REVIEW

Judicial review of social security cases is narrow and limited to the following

---

[2]Light work involves:

lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. . . . If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567(b).

3

questions: (1) whether the Commissioner's findings are supported by substantial evidence, Richardson v. Perales, 402 U.S. 389, 390 (1971); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); and (2) whether the Commissioner applied the correct legal standards. Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986). When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for the Commissioner's. Cornelius, 936 F.2d at 1145. Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to determine whether substantial evidence supports each essential administrative finding. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Substantial evidence is "more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239). If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant. Id. Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence. McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to her

4

conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the Court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

### III. DISCUSSION

Plaintiff generally argues that the ALJ failed to adequately consider the opinions of treating and examining sources. In the Eleventh Circuit, a treating physician's opinion must be given substantial weight. Hillsman v. Bowen, 804 F.2d 1179, 1181 (11th Cir. 1986) (*per curiam*). Refusal to give a treating physician's opinion substantial weight requires that the Commissioner show good cause. Schnorr v. Bowen, 816 F.2d 578, 581 (11th Cir. 1987). "The [Commissioner] must specify what weight is given to a treating physician's opinion and any reason for giving it no weight, and failure to do so is reversible error." MacGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir. 1986). The Commissioner, however, is not obligated to agree with a medical opinion if the evidence tends toward a contrary conclusion. Sryock v. Heckler, 764 F.2d 834, 835 (11th Cir. 1985) (*per curiam*). Indeed, a treating physician's opinion may be properly discounted if it is unsupported by objective medical evidence, is merely conclusory, or is inconsistent with the physician's medical records. Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997); Edwards v. Sullivan, 937 F.2d 580, 583-84 (11th Cir. 1991). Finally, under Social Security Ruling ("SSR") 96-5p, the determination of disability regarding a Social Security claim is reserved to the Commissioner, and treating

source opinions on issues reserved to the Commissioner are never entitled to controlling weight or special significance. SSR 96-5p; see also 20 C.F.R. § 404.1527(e).

On the other hand, under 20 C.F.R. § 404.1519a, the Social Security Administration may purchase a consultative examination and use the resultant report to try to resolve conflicts or ambiguities in the record. Although ALJs are not bound by the findings of consultative examiners, these opinions must be considered when determining whether a claimant is "disabled" under the Social Security Act. 20 C.F.R. § 404.1527 (d). However, the opinion of a one-time examiner is not entitled to great weight and may be discredited by other evidence in the record. Crawford v. Commissioner of Soc. Sec., 363 F.3d 155, 1160-61 (11th Cir. 2004) (*per curiam*). Likewise, although the ALJ is obliged to consider the opinions of non-examining Agency consultants (see 20 C.F.R. § 404.1527(f)(2)(i)), the "report of a non-examining doctor is accorded little weight if it contradicts an examining doctor's report; such a report, standing alone, cannot constitute substantial evidence." Edwards, 937 F.2d at 584.

Having clarified the weight to be assigned various sources of medical evidence, the Court turns to Plaintiff's allegations of error. First, Plaintiff argues that the ALJ erred by not according substantial weight to the opinion of Dr. Das, Plaintiff's treating physician since 1998. Pl.'s Mem., pp. 7-9. Dr. Das opined that Plaintiff had significantly reduced range of motion in his extremities, had difficulty walking or standing, experienced chronic pain and depression, and consequently was disabled. R. 380-83. In addition, Dr. Das stated that Plaintiff would have difficulty sitting for more than four (4) hours in an eight (8) hour day, or using his hands to grasp, push, pull, or manipulate objects for more than two (2) hours in

a workday. Id. at 384. The ALJ's opinion makes virtually no reference to Dr. Das's treatment notes, report, or his conclusions regarding Plaintiff's limitations.

Instead, the ALJ's opinion only mentions Dr. Das's finding that "claimant's motor strength was 4/5 bilaterally, with no deformities or amputation." Id. at 59. Although the ALJ was not bound to accept Dr. Das's conclusion that Plaintiff was disabled, he was not free to ignore those portions of Dr. Das's records and opinion which did not support his decision without articulating any reason for doing so. Moreover, as initially noted in Part II, *supra*, a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence. McCruter, 791 F.2d at 1548. "It is not enough to discover a piece of evidence which supports that decision, but to disregard other contrary evidence. The review must take into account and evaluate the record as a whole." Id.; see also Martin v. Heckler, 748 F.2d 1027, 1033 (11th Cir. 1984) (rejecting misuse of one set of positive test results, to the exclusion of all other evidence of record, to find claimant not disabled when the ignored evidence suggested other severe impairments).

Furthermore, Plaintiff correctly notes that the ALJ did not address the opinion of Dr. Robert Williams, who performed a consultative examination. Pl.'s Mem., pp. 10. Dr. Williams, like Dr. Das, concluded that Plaintiff has "significant decreased range of motion to the entire body," and also noted that Plaintiff had limited manual dexterity and grip strength, as well as trouble walking. R. 289. In conclusion, Dr. Williams offered that Plaintiff's "physical limitations [] interfere with reaching, handling, feeling, lifting, standing, stooping, bending, or climbing." Id. at 290. In contrast, the ALJ's treatment of Dr. William's report addressed only those portions of the report which supported his decision,

7

and does not mention Dr. Williams's observations regarding Plaintiff's reduced range of motion, limited dexterity and grip strength, and "unsteady gait." Id. at 59, 290. Once again, although the ALJ was not bound by Dr. Williams's opinion, he should have addressed Dr. Williams's observations, especially when one considers that Dr. Williams' report appears to be consistent with the observations of Dr. Das, a treating physician.

The Commissioner attempts to salvage the ALJ's opinion by noting his reliance upon the non-examining consultative opinions of various physicians. Com'r's Mem., p. 5-6. However, as noted *supra*, these non-examining sources are accorded little weight in the face of contrary opinions from examining and treating sources. Next, the Commissioner asserts, in conclusory fashion, that Dr. Das's assessment "is fully consistent with the residual functional capacity found by [the] ALJ." Id. at 6. First, the Court notes that the Commissioner makes no effort to explain this statement. More importantly, the ALJ himself did not explain how or whether his conclusions were consistent with Dr. Das's treatment notes or his overall assessment. Finally, as correctly noted by Plaintiff, the Commissioner's statement does not account for Dr. Das's and Dr. Williams's statements regarding Plaintiff's limitations, which the ALJ did not address. Pl.'s Reply Br., pp. 2-3.

In sum, although it is by no means clear that Plaintiff is entitled to DIB and SSI, it is clear that the ALJ's opinion did not take into account all of the evidence of record. Nor did the ALJ satisfactorily address the conclusions of examining and treating sources who reached opinions different from his own. Having determined that remand is appropriate, the Court

need not address Plaintiff's remaining arguments.[3]

## IV. CONCLUSION

For the reasons described above, the Court **REPORTS** and **RECOMMENDS**, pursuant to sentence four of 42 U.S.C. § 405(g), that the Commissioner's final decision be **REVERSED** and that the case be **REMANDED** for further consideration by the Commissioner consistent with this opinion.

SO REPORTED and RECOMMENDED this 28 day of July, 2005, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[3]The Court is very much aware of Plaintiff's long history as a disability claimant, discussed *supra*. In addition, the Court is mindful of Plaintiff's apparent history as a malingerer. See, e.g., R. 255, 259, 261-62, 298, 334, 337. Nevertheless, this history did not entitle the ALJ to engage in merely cursory and perfunctory analysis, or, in particular, to ignore the contrary opinion of Plaintiff's treating physician without adequately explaining his reasons for doing so.

9

# United States District Court
## *Southern District of Georgia*

ATTORNEYS SERVED:

JEANNE D. HARRISON ✓
EDMUND A. BOOTH, JR.

CASE NO: CV 104-041
DATE SERVED: 07/28/05
SERVED BY: JOE HOWELL

☐ Copy placed in Minutes
☐ Copy given to Judge
☑ Copy given to Magistrate